|  |  |
|---|---|
| 1 | The Honorable Frederick P. Corbit |
| 2 | Chapter 13 |
|   | Hearing Date: January 8, 2025 |
|   | Hearing Time: 10:00 a.m. |
| 3 | Response Date: January 1, 2025 |
|   | Hearing Location: Zoomgov.com |

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

In Re:

JONATHAN DAVID CLAUSEN, and
JODI LYNN CLAUSEN

Debtors.

NO. 24-01739-FPC13

OBJECTION TO CONFIRMATION

**COMES NOW** a secured creditor, WBL SPO I, LLC ("**WBL SPO I**"), by and through its attorneys, Eisenhower Carlson PLLC and Darren R. Krattli, and files this objection to Confirmation of Debtors' Chapter 13 Plan ("**Objection**").

## I. BACKGROUND

**A. WBL SPO I Claim**

Concurrent with filing this Objection, WBL SPO I filed a proof of claim herein in the secured amount of $536,235.80 ("**WBL Claim**"). No payments have been tendered by the Debtors post-confirmation. The pre-petition arrearages on the WBL Claim total $346,162.40, and the obligation matures and is due in full on August 8, 2025 (during the plan term).

The WBL Claim relates to a loan extended by World Business Lenders, LLC

OBJECTION TO CONFIRMATION - 1



1205969.000

("**WBL**") to Lilac City, LLC ("**Lilac City**"), an entity owned by the Debtors herein.[1] The loan is evidenced by a Business Promissory Note and Security Agreement, dated August 9, 2022, in the original principal amount of $400,000.00 ("**Note**").[2]

The Note is secured by the Debtors' real property commonly known as 12918 N Norman Road, Spokane, WA 99217 ("**Property**").[3] The Debtors assert the Property is their primary residence.[4]

Debtors filed their Schedules on November 21, 2024.[5] Debtors' Schedule A discloses their ownership of the Property.[6] The Schedule A asserts a value for the Property in the amount of $1,300,000.[7]

As further security for the Note, Jonathan Clausen executed a Continuing Guaranty, dated August 9, 2022 ("**Guaranty**"), under which Mr. Clausen absolutely and unconditionally guaranteed repayment of the obligations evidenced by the Note.[8]

WBL SPO I is the successor in interest to WBL with respect to the Note, Deed of Trust, and Guaranty, and it is the present beneficiary of the Deed of Trust.[9]

B. **Pending Foreclosure and State Court Litigation**

In light of Lilac City, LLC's default on the Note, WBL SPO I commenced the non-judicial foreclosure of the Deed of Trust under Chapter 61.24, RCW. Fenix Law, P.S. ("**Trustee**") was appointed as the successor trustee under the Deed of Trust, and subsequently issued a Notice of Trustee's Sale pursuant to RCW 61.24.040 ("**2024 NOTS**"),

---

[1] Declaration of John Murphy ("**Murphy Decl.**"), para. 2.
[2] WBL Claim, Ex. D (Note).
[3] WBL Claim, Ex. E (Deed of Trust).
[4] Dkt. no. 1, p. 2.
[5] Dkt. no. 18.
[6] *Id.*, p. 3.
[7] *Id.*
[8] WBL Claim, Ex. G (Guaranty).
[9] Murphy Decl., para. 12.

OBJECTION TO CONFIRMATION - 2

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

1205969.000

which scheduled the sale of the Property for October 25, 2024 ("**2024 Trustee's Sale**").[10] The 2024 Trustee's Sale was stayed by this bankruptcy, which was filed the day prior to the sale.

However, this was not the first action to foreclose the Deed of Trust. A prior Notice of Trustee's Sale was issued by the Trustee on November 28, 2023, which was recorded with the Spokane County Auditor on November 28, 2023 under Auditor's File No. 7320919 ("**2023 NOTS**").[11]

In response to the 2023 NOTS, Jonathan Clausen and Lilac City filed an action against WBL SPO I and WBL in Spokane County Superior Court under Cause No. 24-2-00722-32, asserting various claims against WBL SPO I and WBL related to the Note and Deed of Trust, to include extinguishment of the Deed of Trust ("**Spokane Lawsuit**").[12] On May 24, 2024, WBL and WBL SPO I moved for summary judgment in the Spokane Lawsuit. The court granted the motion on June 21, 2024, and the case was dismissed on July 3, 2024, to include dismissal of the prior order staying the 2023 NOTS ("**Dismissal Order**").[13]

Lilac City and Mr. Clausen subsequently filed an appeal of the Dismissal Order, which remains pending under the State of Washington Court of Appeals, Div. III, Case No. 405915.[14] Lilac City and Mr. Clausen filed their opening brief on November 15, 2024.[15] The Debtors did not file a motion for supersedeas bond under RAP 8.1 at the Court of Appeals.[16]

Following the Dismissal Order, the Trustee issued the 2024 NOTS referenced above. On October 4, 2024, Lilac City and Mr. Clausen filed a motion to stay enforcement of the

---

[10] *Id.*, para. 13 and Ex. A.
[11] *Id.*, para. 14.
[12] *Id.*, para. 15 and Ex. B (Complaint).
[13] *Id.*, para. 17 and Ex. C (Dismissal Order).
[14] *Id.*, para. 18.
[15] *Id.*
[16] *Id.*

OBJECTION TO CONFIRMATION - 3



1205969.000

Deed of Trust in the Spokane Lawsuit ("**October Stay Motion**").[17] The trial court granted the October Stay Motion on October 18, 2024, but conditioned the stay on Lilac City and/or Mr. Clausen depositing $241,778.00 into the registry of the court by October 24, 2024.[18] Instead of tendering the required security, the Debtors filed this bankruptcy petition to stay the sale.

C.  **Debtors' Schedules and Plan**

Debtors filed their Schedules on November 21, 2024.[19] Debtors' Schedule A discloses their ownership of the Property.[20] The Schedule A asserts a value for the Property in the amount of $1,300,000.[21]

Debtors' Schedule D acknowledges that the Property is subject to a second position secured claim held by "World Business Lenders" in the amount of $522,092.49 (although it is listed as contingent and disputed).[22]

According to the Debtors' schedules and the claims filed to date, below are the claims secured by the Property:

| Creditor: | Reference: | Date: | Lien Claim: |
|---|---|---|---|
| Fidelity Bank N.A. Deed of Trust | Claim 22-1 | 2/8/2021 | $437,835.07 |
| WBL SPO I Deed of Trust | WBL Claim | 11/1/2022 | $536,235.80 |
| Diamond Ashpalt and Paving, Inc. Judgment | Sch. D, para. 2.1 | 6/28/2024 | $123,704.81 |
| Swift Financial, LLC Judgment | Claim 29-1 | 1/19/2024 | $123,295.61 |
| The Sherwin-Williams | Claim 19-1 | Unknown | $5,538.86 |

---

[17] *Id.*, Ex. D.
[18] *Id.*, Ex. E (October Stay Order).
[19] Dkt. no. 18.
[20] *Id.*, p. 3.
[21] *Id.*
[22] *Id.*, p. 16.

OBJECTION TO CONFIRMATION - 4



1205969.000

Company Judgment

Total: $1,226,610.15

The Debtors filed a plan herein on November 21, 2024 ("**Plan**").[23] The Plan provides that the Debtors will make monthly payments to the Trustee of $5,600.00 for a sixty month plan period.[24] The Plan provides for the following monthly payments to secured creditors, which shall be paid by the Trustee (other than a direct payment to Fidelity Bank, N.A.):

| Creditor: | Reference: | Collateral: | Monthly Payment: |
| --- | --- | --- | --- |
| ICCU | Para. 3.2.3 | 2016 Landrover | $226.75 |
| Numerica | Para. 3.2.3 | 2020 Ford F350 | $744.28 |
| Fidelity Bank | Para. 3.3 (Direct) | 12918 N. Norman | $4,065.52 |
| IRS | Para. 4.3 | Priority Claim | Unknown |
| WA DOR | Para. 4.3 | Priority Claim | Unkonwn |

The Plan further provides for full payment of all allowed unsecured claims.[25]

With respect to the other claims secured by the Property, the Plan provides essentially nothing:

1. WBL SPO I – The Debtors do not provide for any payment on the WBL Claim. Instead, they argue that the lien is being challenged on appeal and the Debtors will amend their plan to provide for treatment of the WBL Claim if the appeal is unsuccessful.[26]

2. Diamond Asphalt Paving, Inc.'s Judgment – The Debtors do not provide for any payment on Diamond Asphalt Paving, Inc.'s claim. Instead, they argue that the lien is being challenged on appeal and the Debtors will amend their plan to provide for treatment of the claim if the appeal is unsuccessful.[27]

---

[23] Dkt. no. 19.
[24] *Id.*, p. 1.
[25] *Id.*, para. 5.2.1.
[26] *Id.*, para. 8.2.
[27] *Id.*, para. 8.3.

OBJECTION TO CONFIRMATION - 5



1205969.000

3.      With respect to the judgments in favor of Swift Financial, LLC and The Sherwin Williams Company, the Debtors merely state that they will file adversary actions to avoid their liens.[28] However, no such adversary actions have been filed to date.

Both the Trustee and Fidelity Bank, N.A. have filed objections to the Plan, which raise multiple major grounds to deny confirmation, to include that (i) the plan payments are insufficient to pay the claims in full as proposed; (ii) the Debtors have not filed their tax returns for 2022 or 2023; (iii) the Debtors have not filed business budgets; and (iv) the Debtors do not provide for the payment of arrearages on Fidelity Bank, N.A.'s claim.[29]

## II.   ARGUMENT

**A.   Trustee's Objections**

WBL SPO I joins in the objections of the Trustee to the Plan.[30]

**B.   Failure to Pay Secured Claim of WBL SPO I.**

Debtors' Plan ignores the fact that their claims against WBL SPO I were already conclusively denied at the by the state court in the Spokane Lawsuit. The court held that WBL SPO I has a valid lien on the Property and there was no basis to quiet title in favor of the Debtors. As such, the ruling is final. Washington state law provides an option to stay a final ruling pending appeal, but the Debtors fails to tender the required security amount set by the court. As such, the Dismissal Order is final and effective. WBL SPO I has an enforceable claim, and the Plan must provide for it to be confirmed.

As the WBL Claim is secured and matures in 2025, the Debtors' plan must provide for payment of no less than the value, as of the effective date of the plan, of the allowed

---

[28] *Id.*, para. 3.6.
[29] Dkt. nos. 30 and 37.
[30] Dkt. no. 30.

OBJECTION TO CONFIRMATION - 6

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

1205969.000

amount of the claim.[31]  The Debtors fail to even offer ***interest*** payments on the Claim pending the ruling from the Court of Appeals.  Since the Debtors fail to provide for ***any*** payments to WBL SPO I whatsoever, confirmation should be denied.

**C.     Feasibility**

Debtors have not demonstrated an ability or willingness to perform the plan terms, as required by 11 U.S.C. § 1325(a)(6).  Debtors have not filed any of the proposed adversary claims to date, to include those threatened against Swift Financial, LLC or The Sherwin Williams Company.  Until those are filed, the plan must provide for those secured claims.

Similar to the treatment of WBL SPO I, there is a final ruling in favor of Diamond Asphalt Paving, Inc. and the Plan provides for no payments whatsoever to that creditor.  Instead, the Plan merely states that it will be amended if the appeal is successful.  The judgment in favor of Diamond Asphalt Paving, Inc. is final and has not been stayed.  As such, the Plan must provide for treatment of the claim.

The Debtors' pledges to amend the Plan if the appeals with WBL SPO I and Diamond Asphalt Paving, Inc. fail also demonstrate the lack of feasibility.  The Debtors simply do not possess the income or assets sufficient to amend the plan to provide for payment of ***either*** of these claims in full, as required by 11 U.S.C. § 1325(a)(5)(B)(ii).  The Plan is merely a baseless hope that two different state court losses will be reversed on appeal.  If either fails, the Debtors Plan will fail as well.  As the Plan is not feasible in light of the current final court rulings, it should be denied.

### III.     CONCLUSION

Based on the foregoing, the Court should deny confirmation of Debtors' proposed Chapter 13 Plan.

---

[31] 11 U.S.C. § 1325(a)(5)(B)(ii).

OBJECTION TO CONFIRMATION - 7



1     DATED this 31st day of December, 2024.

2                                   EISENHOWER CARLSON PLLC

4                              By: */s/ Darren R. Krattli*
                                     Darren R. Krattli, WSBA # 39128
5                                      Attorneys for Creditor
                                     WBL SPO I, LLC

OBJECTION TO CONFIRMATION - 8



1205969.000