EXHIBIT C - DISMISSAL ORDER

**SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE**

| | |
|---|---|
| Jonathan D Clausen and Lilac City LLC<br>Plaintiff(s)<br><br>vs.<br><br>Wbl Spo I LLC and World Business Lender LLC<br>Defendant(s) | CASE NO. 24-2-00722-32<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS**<br><br>**\*\*CLERK'S ACTION REQUIRED\*\*** |

# I.  BASIS

This matter having come before the Court on Defendant's Motion to Dismiss, and the Court having considered the record in this matter and oral argument.

# II.  FINDINGS

On June 7, 2022, Mr. Clausen, on behalf of Lilac City, LLC, submitted a Business Financing Application to Big Think Capital.  Big Think Capital is an independent loan broker that initially referred Lilac City, LLC to World Business Lenders, LLC ("WBL").  The Business Financing Application identifies the applicant as "Lilac City, LLC."  Mr. Clausen signed the application as the "Primary Owner."  Mr. Clausen signed below a business authorization that read, in part, "By signing below, each of the above listed <u>business and business owner/officer</u> (individually and collectively, "you") authorize Big Think Capital . . . <u>to acquire commercial loans</u> having daily repayment features. . ."

Following approval of the loan application by WBL, Lillac City, LLC executed a Business Promissory Note and Security Agreement in favor of WBL.  Pursuant to the Business Promissory Note, under the heading "PROMISE TO PAY" reads in full:

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS      Page 1 of 7

EXHIBIT C - DISMISSAL ORDER

**Lilac City, LLC dba Lilac City Painting** ("Borrower"), a(n) Washington limited liability company, with its principal place of business located at 728 N. Hogan Street, Spokane, Washington 99202, does hereby promise to pay to the order of **WORLD BUSINESS LENDERS, LLC, its successors and/or assigns** ("Lender") with its address located at P.O. Box 1585, Cranford, NJ 07016, or at such other location or in such other manner as designated by Lender, the sum of **FOUR HUNDRED THOUSAND DOLLARS AND NO CENTS ($400,000.00)** ("Principal") plus interest at the daily interest rate set forth below in Section 2 in accordance with the payment schedule set forth below in Section 3.

Paragraph 8 of the Business Promissory Note also includes the following Borrower representation:

> **(b) The proceeds of this Loan Agreement will be used for business purposes only, and not for personal, consumer, family or household purposes or to purchase personal, consumer, family or household goods. Borrower understands Lender is relying on the accuracy of this representation in disbursing the loan proceeds and that Borrower's agreement not to use the proceeds of this Loan Agreement for personal, consumer, family or household purposes or to purchase personal, consumer, family or household goods means that certain important duties imposed upon entities making loans for consumer/personal purposes, and certain important rights conferred upon consumers, pursuant to federal or state law will not apply. . ."**

The Business Promissory Note states specifically that the Borrower is "Lilac City, LLC," and it was executed by Mr. Clausen in his capacity as "CEO" of Lilac City, LLC.

In connection with the business loan, Lilac City, LLC also executed a Business Loan Purpose Affidavit, which Mr. Clausen again signed as "CEO" of Lilac City, LLC. This affidavit also refers to the "Borrower" as Lilac City, LLC, reading:

EXHIBIT C - DISMISSAL ORDER

For Value received and to induce WORLD BUSINESS LENDERS, LLC, its successors and /or assigns, ("Lender"), with its address at P.O. Box 1685 Cranford, NJ 07016, to extend credit or grant or continue other credit accommodations to Lilac City, LLC dba Lilac City Painting ("Borrower"), the undersigned ("Guarantor," whether one or more) jointly and severally guarantees payment of the Obligations (defined below) when due or at the time any Borrower becomes the subject of bankruptcy or other insolvency proceedings. Except as provided below, "Obligations" means all debts, obligations and liabilities of Borrower to Lender arising out of credit previously granted, credit contemporaneously granted, or credit granted in the future by Lender to Borrower.

To secure the business Promissory Note, Mr. Clausen executed a "Continuing Guaranty" of the loan by way of a Deed of Trust, Assignment of Leases and Rents and Security Agreement dated August 9, 2022. This **personal** guaranty was executed by Mr. Claussen as an individual, not under the guise of the agent of the business. This deed refers to the property located at 12918 N. Normandie Road, Spokane, WA, 99217.

Ultimately, Lilac City, LLC defaulted on the loan and WBL sought to non-judicially foreclose on the real property that secured the business loan, which was made to Lilac City, LLC.

### III.    CONCLUSIONS OF LAW

Plaintiff's lawsuit states several causes of action upon which it seeks relief. Plaintiff alleges that Defendant failed to register Under RCW 31.04 et seq,( a violation under the Consumer Loan Act); violation of WAC 208-620-232(2) and RCW 19.52, et seq, (a violation of the state's Usury Act); and violation of RCW 19.86, (violation of the Consumer Protection Act).

The first question the Court must answer is whether or not WBL was subject to the provisions of RCW 31.04 et seq. The Consumer Loan Act, when read as a whole, deals with residential mortgage loans, residential loan modifications and student loans. The statute provides that "Each loan made to a resident of this state by a licensee, or persons subject to this chapter, is subject to the authority and restrictions of this

EXHIBIT C - DISMISSAL ORDER

chapter," unless ". . .making a loan primarily for business, commercial, or agricultural purposes unless the loan is secured by a lien on the borrower's primary dwelling." RCW 31.04.025(2)(e).

The Consumer Loan Act further defines the term "borrower" to mean "any person who consults with or retains a licensee or person subject to this chapter in an effort to obtain, or who seeks information about obtaining a loan, regardless of whether that person actually obtains such a loan. "Borrower" includes a person who consults with or retains a licensee or person subject to this chapter in an effort to obtain, or who seeks information about obtaining a residential mortgage loan modification, regardless of whether that person actually obtains a residential loan modification." RCW 31.04.015(4).

The Consumer Loan Act defines "person" as "individuals, partnerships, associations, limited liability Companies, limited liability partnerships, trusts, corporations, and all other legal entities." RCW 31.04.015(24).

It is important to note that in this chapter, the purpose of the loan is critical. Certain types of loans are exempted from this chapter based on the reason they are being sought; specifically in this case, for a business purpose. There is no question that the loan Lilac City, LLC obtained was strictly for business purposes.

For statutory interpretation, the Court must determine who the borrower is as it refers to in RCW 31.04.025(e), ". . . unless the loan is secured by a lien on the **borrower's primary dwelling."** (emphasis added). A borrower is "any person . . ." who is consulting on a loan, whether they actually get the loan or not. So, if no loan is ever obtained, a "person" who inquired is still referred to as the borrower under RCW 31.04.015(4). And a "person" is defined as "individuals, partnerships, associations, limited liability companies, limited liability partnerships, trusts, corporation, and all other legal entities." RCW 31.04.014(21).

When read together, the Court determines that the Borrower in this case is indeed Lilac City, LLC. This is a limited liability company that by nature of its definition can be a "borrower" under the statute. A borrower certainly can be an individual and said individual may certainly have a primary dwelling. If a borrower were an individual, then the statute would prevent them from securing a business loan with a lien on their

EXHIBIT C - DISMISSAL ORDER

primary dwelling. However, as further definition, other "legal entities" may also be the borrower. In those instances, that borrower would not have a primary dwelling.

Corporate formalities notwithstanding, Washington law also holds a debtor-borrower and guarantor cannot be one and the same:

The debtor is not a party to the guaranty, and the guarantor is not a party to the principal obligation. The undertaking of the former is independent of the promise of the latter and the responsibilities which are imposed by the contract of guaranty differ from those which are created by the contract to which the guaranty is collateral. The fact that both contracts are written on the same paper or instrument does not affect the independence or separateness of one from the other. (*Wilson Court Ltd. P'Ship v. Tony Maroni's,* 134 Wn.2d 692, 707, 952 P.2d 590 (1998).

Here, the debtor, Lilac City, LLC, and the guarantor, Mr. Claussen as an individual, are two separate entities. The Court concludes that based on the findings above, WBL is not a business required to obtain a license under RCW 31.04 et seq in order to operate and offer business loans to borrowers such as Lilac City, LLC.

Regarding Plaintiff's cause of action based on violations of RCW 19.52 et seq, the Usury Act, it is well settled that RCW 19.52.080 prohibits either a natural person or a corporate debtor who has borrowed money for a business purpose from maintaining a usury action. The Washington State Supreme Court dealt with an issue like the one at hand in the matter of *Paulman v. Filtercorp, Inc.,* 127 Wn.2d 387, 899 P.2d 1259 (1995). In that matter, Filtercorp's key officers secured a business loan for the company and secured the loan with a personal guarantee. Upon default, Filtercorp claimed the loan was usurious. The Court held that RCW 19.52.080's carve out for business loans trumps any contradictory language in other parts of the statute, namely RCW 19.52.030. Thus, when a corporate debtor borrows funds for a business purpose, RCW 19.52.080 applies regardless of whether the loan is guaranteed by a natural person. *Paulman,* 127 Wn.2d at 392-393.

Based on the forgoing, this Court finds that Plaintiff is barred from bringing an action under the Usury Statute, and as such grants Defendant's requested relief and **dismisses** that claim of action.

EXHIBIT C - DISMISSAL ORDER

The Plaintiff's final cause of action for violation of the Consumer Protection Act (CPA) relied on the claims under the Usury Act and the Consumer Loan Act in order to establish a per se violation of the CPA. With those arguments dismissed as having no legal merit, the Plaintiffs would need to establish every element of the CPA, those elements being 1) demonstrating the Defendants engaged in an unfair and deceptive act (2) in trade or commerce (3) that affects the public interest, (4) injury to the Plaintiff in her or her business or property, and (5) a causal link between the unfair or deceptive act complained of and the injury suffered. *Trujillo v Nw. Tr. Servs.* 183 Wn.2d 820, 834-35, 355 P.3d 1100 (2015).

The theory of the case, as presented by Plaintiff's in the Complaint and subsequent motions, relies on the Court finding violations of the CLA and the Usury Act to establish that a per se unfair trade practice existed. As such, there remain no alleged facts at issue which would support the premise that Defendant's engaged in an unfair and deceptive act in trade or commerce that affects the public interest.

Plaintiff's claim for relief under RCW 61.24.130(1) sought to enjoin Defendants from proceeding with a non-judicial foreclosure on the 12918 N. Normandie Road property. The statute governs restraints of Trustee's sales in a non-judicial foreclosure, requiring a borrower to prove a "proper legal or equitable ground" to restrain the Trustee's sale. RCW 61.24.130(1). The Plaintiff's complaint asserts (1) WBL violated the CLA; (2) therefore, *legal* grounds exist to restrain the sale.

This Court has determined that the Defendants did **not** violate the CLA, which was the sole *legal* ground to restrain the Trustee's sale. As for any "equitable grounds," where a statute provides specific relief, as it does here, a Court may generally not grant "equitable relief." *In re Marriage of Barber,* 106 Wn.App. 390, 393, 23 P.3d 1106, 1108 (2001). There has been no request, nor basis proffered, upon which this Court finds equitable grounds for relief. Accordingly, this Court dismisses Plaintiff's "Restraint of Sale" cause of action.

EXHIBIT C - DISMISSAL ORDER

# IV. ORDER

IT IS HEREBY ORDERED that:

1. Plaintiff's cause of action as to the Consumer Loan Act is dismissed.
2. Plaintiff's cause of action as to the Usury Act is dismissed.
3. Plaintiff's cause of action as to the Consumer Protection Act is dismissed.
4. The Preliminary Injunction signed on April 22, 2024, is dismissed.

DATED: July 3, 2024

Rachelle E. Anderson
Superior Court Judge

## DECLARATION OF SERVICE

I, Tracy L Rayfield, certify that on July 3, 2024, I emailed a copy of this Order of Granting Defendants' Motion to Dismiss:

| [ x ] E-Mail | [ x ] E-Mail | [ ] E-Mail |
| [ ] US Mail | [ ] US Mail | [ ] US Mail |
| [ ] Hand Delivery | [ ] Hand Delivery | [ ] Hand Delivery |
| Matthew Clark Niemela<br>700 Northwest Blvd<br>Coeur D Alene, ID 83814-2238<br>mniemela@rmedlaw.com | Robb E Grangroth<br>1235 N Post St Ste 100<br>Spokane, WA 99201-2529<br>robb@spokelaw.com | |

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true and correct.

Date: July 3, 2024

Tracy L Rayfield, Judicial Assistant to
Rachelle E. Anderson
Superior Court Judge