The Honorable Frederick P. Corbit
Chapter 13
Hearing Date: January 21, 2025
Hearing Time: 11:00 a.m.
Response Date: January 14, 2025
Hearing Location: Zoomgov.com

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| In Re: | NO. 24-01739-FPC13 |
|---|---|
| JONATHAN DAVID CLAUSEN, and JODI LYNN CLAUSEN | WBL SPO I, LLC'S NOTICE AND MOTION FOR RELIEF FROM AUTOMATIC STAY |
| Debtors. | |

## NOTICE

TO:         CLERK OF THE COURT
AND TO:   JONATHAN DAVID CLAUSEN, Debtor
AND TO:   JODI LYNN CLAUSEN, Debtor
AND TO:   REBECCA J SHEPPARD of Sheppard Law Office PC, attorney for the Debtors
AND TO:   MIKE I TODD, Chapter 13 Trustee
AND TO:   U.S. TRUSTEE'S OFFICE
AND TO:   ALL PARTIES REQUESTING SPECIAL NOTICE

**YOU AND EACH OF YOU** are hereby given notice that WBL SPO I, LLC has moved for relief from automatic stay concerning its real property collateral, which is commonly known as 12918 N Norman Road, Spokane, WA 99217 ("**Property**"), in order to proceed with the nonjudicial foreclosure of its Deed of Trust, which was recorded with the Spokane County Auditor on November 1, 2022 under Auditor's File No. 7250850.

The hearing on the motion for relief from automatic stay will be heard on **January 21, 2025 at 11:00 a.m.** Any party that wishes to appear at or attend the hearing remotely may participate via video conference by the following link below:

NOTICE AND MOTION FOR RELIEF FROM
AUTOMATIC STAY - 1

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

Via ZoomGov at:

https://www.zoomgov.com/j/1606922376

(Telephone: (669) 254-5252)

Meeting ID: 1606922376

See also: https://www.waeb.uscourts.gov/judge/judge-frederick-p-corbit

The Clerk is requested to note the motion on the motion calendar for that date.

**YOU ARE FURTHER NOTIFIED** that responsive pleadings must be filed with the Court and served upon the undersigned at least seven (7) days prior to the hearing date. Failure to comply with this local rule may be deemed by the Court as opposition without merit.

**IF YOU OPPOSE** the Motion you must file your written response with the Clerk's office of the bankruptcy court and deliver copies to the undersigned **NOT LATER THAN the RESPONSE DATE which is January 14, 2025.** If you file a response you are also required to appear at the hearing.

**IF NO RESPONSE IS TIMELY FILED AND SERVED**, the Court may, in its discretion, **GRANT THE MOTION PRIOR TO THE HEARING, WITHOUT FURTHER NOTICE**, and strike the hearing.

A complete copy of the Motion and the supporting documents attached thereto may be obtained by written request to Eisenhower Carlson PLLC and shall also be available with the office of the Clerk of the United States Bankruptcy Court or can be obtained through Pacer at the Court's web site.

## MOTION

**COMES NOW** WBL SPO I, LLC ("**WBL SPO I**"), a secured creditor herein, by and through its attorneys, Eisenhower Carlson PLLC and Darren R. Krattli, to submit its Motion for Relief from Automatic Stay pursuant to 11 U.S.C. § 362(d)(1).

## BACKGROUND



# BACKGROUND

**A.     WBL SPO I Claim**

Concurrent with filing this Objection, WBL SPO I filed a proof of claim herein in the secured amount of $536,235.80 ("**WBL Claim**"). No payments have been tendered by the Debtors post-confirmation. The pre-petition arrearages on the WBL Claim total $346,162.40, and the obligation matures and is due in full on August 8, 2025 (during the plan term).

The WBL Claim relates to a loan extended by World Business Lenders, LLC ("**WBL**") to Lilac City, LLC ("**Lilac City**"), an entity owned by the Debtors herein.[1] The loan is evidenced by a Business Promissory Note and Security Agreement, dated August 9, 2022, in the original principal amount of $400,000.00 ("**Note**").[2]

The Note is secured by the Debtors' real property commonly known as 12918 N Norman Road, Spokane, WA 99217 ("**Property**").[3] The Debtors assert the Property is their primary residence.[4]

Debtors filed their Schedules on November 21, 2024.[5] Debtors' Schedule A discloses their ownership of the Property.[6] The Schedule A asserts a value for the Property in the amount of $1,300,000.[7]

As further security for the Note, Jonathan Clausen executed a Continuing Guaranty, dated August 9, 2022 ("**Guaranty**"), under which Mr. Clausen absolutely and unconditionally guaranteed repayment of the obligations evidenced by the Note.[8]

WBL SPO I is the successor in interest to WBL with respect to the Note, Deed of Trust, and Guaranty, and it is the present beneficiary of the Deed of Trust.[9]

---

[1] Declaration of John Murphy ("**Murphy Decl.**"), para. 2.
[2] WBL Claim, Ex. D (Note).
[3] WBL Claim, Ex. E (Deed of Trust).
[4] Dkt. no. 1, p. 2.
[5] Dkt. no. 18.
[6] *Id.*, p. 3.
[7] *Id.*
[8] WBL Claim, Ex. G (Guaranty).
[9] Murphy Decl., para. 12.

NOTICE AND MOTION FOR RELIEF FROM
AUTOMATIC STAY - 3



17601-51/DRK/1032894

**B.     Pending Foreclosure and State Court Litigation**

In light of Lilac City, LLC's default on the Note, WBL SPO I commenced the non-judicial foreclosure of the Deed of Trust under Chapter 61.24, RCW.  Fenix Law, P.S. ("**Trustee**") was appointed as the successor trustee under the Deed of Trust, and subsequently issued a Notice of Trustee's Sale pursuant to RCW 61.24.040 ("**2024 NOTS**"), which scheduled the sale of the Property for October 25, 2024 ("**2024 Trustee's Sale**").[10]  The 2024 Trustee's Sale was stayed by this bankruptcy, which was filed the day prior to the sale.

However, this was not the first action to foreclose the Deed of Trust.  A prior Notice of Trustee's Sale was issued by the Trustee on November 28, 2023, which was recorded with the Spokane County Auditor on November 28, 2023 under Auditor's File No. 7320919 ("**2023 NOTS**").[11]

In response to the 2023 NOTS, Jonathan Clausen and Lilac City filed an action against WBL SPO I and WBL in Spokane County Superior Court under Cause No. 24-2-00722-32, asserting various claims against WBL SPO I and WBL related to the Note and Deed of Trust, to include extinguishment of the Deed of Trust ("**Spokane Lawsuit**").[12]  On May 24, 2024, WBL and WBL SPO I moved for summary judgment in the Spokane Lawsuit.  The court granted the motion on June 21, 2024, and the case was dismissed on July 3, 2024, to include dismissal of the prior order staying the 2023 NOTS ("**Dismissal Order**").[13]

Lilac City and Mr. Clausen subsequently filed an appeal of the Dismissal Order, which remains pending under the State of Washington Court of Appeals, Div. III, Case No. 405915.[14]  Lilac City and Mr. Clausen filed their opening brief on November 15, 2024.[15]  The

---

[10] *Id.*, para. 13 and Ex. A.
[11] *Id.*, para. 14.
[12] *Id.*, para. 15 and Ex. B (Complaint).
[13] *Id.*, para. 17 and Ex. C (Dismissal Order).
[14] *Id.*, para. 18.
[15] *Id.*

NOTICE AND MOTION FOR RELIEF FROM
AUTOMATIC STAY - 4



17601-51/DRK/1032894

Debtors did not file a motion for supersedeas bond under RAP 8.1 at the Court of Appeals.[16]

Following the Dismissal Order, the Trustee issued the 2024 NOTS referenced above. On October 4, 2024, Lilac City and Mr. Clausen filed a motion to stay enforcement of the Deed of Trust in the Spokane Lawsuit ("**October Stay Motion**").[17] The trial court granted the October Stay Motion on October 18, 2024, but conditioned the stay on Lilac City and/or Mr. Clausen depositing $241,778.00 into the registry of the court by October 24, 2024.[18] Instead of tendering the required security, the Debtors filed this bankruptcy petition to stay the sale.

C. **Debtors' Schedules and Plan**

Debtors filed their Schedules on November 21, 2024.[19] Debtors' Schedule A discloses their ownership of the Property.[20] The Schedule A asserts a value for the Property in the amount of $1,300,000.[21]

Debtors' Schedule D acknowledges that the Property is subject to a second position secured claim held by "World Business Lenders" in the amount of $522,092.49 (although it is listed as contingent and disputed).[22]

According to the Debtors' schedules and the claims filed to date, below are the claims secured by the Property:

| Creditor: | Reference: | Date: | Lien Claim: |
|---|---|---|---|
| Fidelity Bank N.A. Deed of Trust | Claim 22-1 | 2/8/2021 | $437,835.07 |
| WBL SPO I Deed of Trust | WBL Claim | 11/1/2022 | $536,235.80 |
| Diamond Ashpalt and Paving, Inc. Judgment | Sch. D, para. 2.1 | 6/28/2024 | $123,704.81 |

---

[16] *Id.*
[17] *Id.*, Ex. D.
[18] *Id.*, Ex. E (October Stay Order).
[19] Dkt. no. 18.
[20] *Id.*, p. 3.
[21] *Id.*
[22] *Id.*, p. 16.

NOTICE AND MOTION FOR RELIEF FROM
AUTOMATIC STAY - 5



17601-51/DRK/1032894

24-01739-FPC13    Doc 43    Filed 12/31/24    Entered 12/31/24 14:27:29    Pg 5 of 8

| | | | |
|---|---|---|---|
| Swift Financial, LLC Judgment | Claim 29-1 | 1/19/2024 | $123,295.61 |
| The Sherwin-Williams Company Judgment | Claim 19-1 | Unknown | $5,538.86 |
| | | **Total:** | **$1,226,610.20** |

The Debtors filed a plan herein on November 21, 2024 ("**Plan**").[23] The Plan provides that the Debtors will make monthly payments to the Trustee of $5,600.00 for a sixty month plan period.[24] The Plan provides for the following monthly payments to secured creditors, which shall be paid by the Trustee (other than a direct payment to Fidelity Bank, N.A.):

| **Creditor:** | **Reference:** | **Collateral:** | **Monthly Payment:** |
|---|---|---|---|
| ICCU | Para. 3.2.3 | 2016 Landrover | $226.75 |
| Numerica | Para. 3.2.3 | 2020 Ford F350 | $744.28 |
| Fidelity Bank | Para. 3.3 (Direct) | 12918 N. Norman | $4,065.52 |
| IRS | Para. 4.3 | Priority Claim | Unknown |
| WA DOR | Para. 4.3 | Priority Claim | Unkonwn |

The Plan further provides for full payment of all allowed unsecured claims.[25]

With respect to the other claims secured by the Property, the Plan provides essentially nothing:

1. WBL SPO I – The Debtors do not provide for any payment on the WBL Claim. Instead, they argue that the lien is being challenged on appeal and the Debtors will amend their plan to provide for treatment of the WBL Claim if the appeal is unsuccessful.[26]

2. Diamond Asphalt Paving, Inc.'s Judgment – The Debtors do not provide for any payment on Diamond Asphalt Paving, Inc.'s claim. Instead, they argue that the lien is

---
[23] Dkt. no. 19.
[24] *Id.*, p. 1.
[25] *Id.*, para. 5.2.1.
[26] *Id.*, para. 8.2.

NOTICE AND MOTION FOR RELIEF FROM AUTOMATIC STAY - 6



17601-51/DRK/1032894

being challenged on appeal and the Debtors will amend their plan to provide for treatment of the claim if the appeal is unsuccessful.[27]

3. With respect to the judgments in favor of Swift Financial, LLC and The Sherwin Williams Company, the Debtors merely state that they will file adversary actions to avoid their liens.[28] However, no such adversary actions have been filed to date.

Both the Trustee and Fidelity Bank, N.A. have filed objections to the Plan, which raise multiple major grounds to deny confirmation, to include that (i) the plan payments are insufficient to pay the claims in full as proposed; (ii) the Debtors have not filed their tax returns for 2022 or 2023; (iii) the Debtors have not filed business budgets; and (iv) the Debtors do not provide for the payment of arrearages on Fidelity Bank, N.A.'s claim.[29]

## **DISCUSSION**

In any motion for relief from automatic stay, the party requesting such relief has the burden of proof on the debtor's equity in the property, and the debtor has the burden of proof on all other issues.[30] 11 U.S.C. § 362(d)(1) provides that the court shall grant relief from automatic stay for cause, including the lack of adequate protection of an interest in property of such party in interest. For purposes of 11 U.S.C. § 362(d)(1) the term "cause" is a broad concept that extends beyond a lack of adequate protection.[31] Because there is no clear definition of what constitutes cause under 11 U.S.C. § 362(d)(1), the courts must determine when relief from the automatic stay is appropriate on a case by case basis.[32] In doing so, the court must consider all the circumstances before it.[33]

Through this Motion, WBL SPO I seeks relief from the automatic stay to continue

---

[27] *Id.*, para. 8.3.
[28] *Id.*, para. 3.6.
[29] Dkt. nos. 30 and 37.
[30] 11 U.S.C. § 362(g).
[31] *See e.g. In Re Ashton*, 63 B.R. 244 (Bankr. D.N.D. 1986); *Matter of Rutter*, 25 B.R. 244 (Bankr. E.D. Mich. 1982).
[32] *In Re Castlerock Properties*, 781 F.2d 159 (9th Cir. 1986).
[33] *In Re Opelika Mfg. Corp.*, 66 B.R. 444 (Bankr. N.D. Ill. 1986).

NOTICE AND MOTION FOR RELIEF FROM AUTOMATIC STAY - 7

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

17601-51/DRK/1032894

24-01739-FPC13    Doc 43    Filed 12/31/24    Entered 12/31/24 14:27:29    Pg 7 of 8

with the pending foreclosure under the 2024 NOTS. By the time of the hearing on this Motion, the Court will have already heard WBL SPO I's Objection to Confirmation, and presumably the Debtors' Plan was not confirmed. The arguments contained in the Objection to Confirmation are incorporated herein, to include the lack of any proposed payments to WBL SPO I. Unless the Debtors have proposed a new Plan that provides for adequate protection, WBL SPO I requests relief from the automatic stay under 11 U.S.C. § 362(d)(1).

DATED this 31st day of December, 2024.

EISENHOWER CARLSON PLLC

By: */s/ Darren R. Krattli*
　　Darren R. Krattli, WSBA # 39128
　　Attorneys for Creditor
　　WBL SPO I, LLC

