REBECCA J. SHEPPARD                                      Honorable Frederick P. Corbit
Sheppard Law Office, PC
16114 E Indiana Ave. Ste. 205
Spokane, WA 99216
(509) 443-3014
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In re: | No. 24-01739-FPC13 |
|---|---|
| CLAUSEN, JONATHAN D.<br>CLAUSEN, JODI L.<br>                          Debtor. | **DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM STAY BY WBL SPO I, LLC** |

Debtors Jonathan and Jodi Clausen, by and through counsel Rebecca J. Sheppard and Sheppard Law Office, PC, object to the relief requested by the Motion for Relief from Stay (ECF No.43) (the "Motion") filed by WBL SPO I, LLC[1] ("Movant").

### I.     EVIDENCE RELIED UPON

In support of this Objection, Debtors rely upon the Declaration of Jonathan Clausen (the "Clausen Decl.") and the records on file herein.

### II.     BACKGROUND

In February of 2019, Debtors purchased their homestead commonly known as 12918 N. Norman Road, Spokane, WA 99217, and have resided there since that time. Clausen Decl. Debtors are the sole members of Lilac City, LLC. *Id*. Movant's predecessor, World Business Lenders, agreed to loan Lilac City, LLC $400,000, and Debtor Jonathan Clausen signed a personal guaranty as part of the transaction. *Id.* Mr. and Mrs. Clausen also granted a Deed of

---

[1] WBL SPO I is successor in interest to World Business Lenders (WBL) with respect to the subject Note, Deed of Trust, and Personal Guaranty. ECF No. 43, p.3

OBJECTION TO MOTION FOR RELIEF FROM STAY - 1 of 4

Sheppard Law Office, PC
16114 E Indiana Ave. Ste. 205
Spokane Valley, WA 99216
509-443-3014
509-443-3015 fax

Trust in favor of Movant, securing the personal guaranty by creating a lien on their primary residence. *Id.* The loan funded in August of 2022. *Id.*. The loan later went into default, and Movant sought to non-judicially foreclose on Debtors' home. *Id.*

In February of 2024, Debtors filed suit against Movant, alleging violations of the Consumer Loan Act ("CLA), WASH. REV. CODE 19.52.020, and the Consumer Protection Act (CPA), WASH. REV. CODE Chapter 19.86. *Id.* The suit included a claim for extinguishment of the Deed of Trust in favor of Movant. *Id.* The trial court entered an order restraining Movant from proceeding with the non-judicial foreclosure sale during the pendency of the case. *Id.* In July of 2024, the trial court dismissed Debtors' action against Movant, finding that the underlying loan transaction did not violate the CLA or the CPA. *Id.* As such, the trial court also dismissed Debtors' restraint of sale action, permitting the non-judicial foreclosure sale to proceed; the foreclosure sale was scheduled for October 25, 2024. *Id.*

Debtors appealed the Dismissal Order[2] and filed a motion to stay enforcement of the Deed of Trust. *Id.* The trial court granted Debtors' motion on the condition they post a bond of $241,778 by October 24, 2024, which proved impossible. *Id.* Debtors were left with no choice but to file for bankruptcy protection to stay the non-judicial foreclosure sale and protect their home. *Id.*

### III.  LAW & ARGUMENT

WBL SPO I, LLC moves for relief from stay "for cause" under 11 U.S.C. § 362(d)(1). Cause is not defined by the by the Code and thus should be determined on a case-by-case basis. *In re Robbins,* 964 F.2d 342, 345 (4th Cir. 1992).  Under 11 U.S.C. § 362(d)(1), the moving party has the initial burden of proving that cause for relief exists. *In re Toomer,* No. 10-07273-JW, 2011 WL 8899488 (D.S.C. Oct. 5, 2011). If a creditor's interest is adequately protected, the stay should not be lifted solely for a debtor's failure to make payments on a secured obligation. *See Household Fin. Corp. v. Adams*, 27 B.R.582 (D.Del 1983); *In re Mathews*, 208 B.R. 506 (Bankr. N.D.Ill. 1997).  Whether a creditor is adequately protected is a question of fact. *In re*

---

[2] State of Washington Court of Appeals, Div. III, Case No. 405915, which remains pending.

OBJECTION TO MOTION FOR RELIEF FROM STAY - 2 of 4

Sheppard Law Office, PC
16114 E Indiana Ave. Ste. 205
Spokane Valley, WA  99216
509-443-3014
509-443-3015 fax

24-01739-FPC13    Doc 47    Filed 01/13/25    Entered 01/13/25 16:55:26    Pg 2 of 4

*O'Conner,* 808 F.2d 1393, 1397 (10th Cir. 1987). The existence of an equity cushion can constitute adequate protection. *See In re Heath,* 79 B.R. 616 (Bankr. E.D.Pa. 1987).

      a. **Movant is adequately protected and cause for relief under 11 U.S.C. § 362(d)(1) has not been demonstrated.**

In the present case, Movant supports its contention that it is entitled to relief from stay by reciting the background of the case, the contents of the debtors' schedules, and the terms of the originally filed plan. ECF No. 43, pp. 2-8. Movant offers only one (1) specific basis as cause for relief, namely lack of adequate protection. ECF No. 43, p. 8.

Debtors' sworn schedules assert the fair market value of their home, Movant's respective collateral[3], to be $1,300,000. ECF No. 18, p. 3. Movant does not challenge this valuation. Assuming Movant has a valid lien against the subject property[4], the lien is in second position only to the first Deed of Trust in favor of Fidelity Bank, N.A. The secured claim of Fidelity Bank, N.A., is approximately $437,835.07. Claim No. 22-1.

The Motion implies that *payments* are a necessary element to adequate protection. ECF No. 43, p.8. As noted above, **the existence of an equity cushion can constitute adequate protection and the stay should not be lifted solely for a debtor's failure to make payments on a secured obligation**. *In re Mathews*, 208 B.R. 506 (Bankr. N.D.Ill. 1997); *In re Heath*, 79 B.R. 616 (Bankr. E.D. Pa. 1987); *Household Fin. Corp. v. Adams*, 27 B.R.582 (D.Del 1983) (*emphasis added*).

Movant has not met its burden and has not demonstrated that cause for relief exists. Movant enjoys a significant equity cushion and will not be harmed by the continuation of the stay for the duration of the chapter 13 plan.

---

[3] At issue in Debtors' appeal pending in the Washington State Court of Appeals, Div. III is whether Movant has a valid lien against Debtors' homestead.
[4] Debtors dispute the validity of the lien.

OBJECTION TO MOTION FOR RELIEF FROM STAY - 3 of 4

Sheppard Law Office, PC
16114 E Indiana Ave. Ste. 205
Spokane Valley, WA 99216
509-443-3014
509-443-3015 fax

## I. Relief Requested

WHEREFORE, Debtors respectfully request that for the foregoing reasons, the Motion (ECF No.43) be denied in all respects.

DATED this 13th day of January, 2024.

SHEPPARD LAW OFFICE, PC

/s/ Rebecca J. Sheppard
Rebecca J. Sheppard, WSBA No. 40220
Attorney for Debtors

OBJECTION TO MOTION FOR RELIEF FROM STAY - 4 of 4

Sheppard Law Office, PC
16114 E Indiana Ave. Ste. 205
Spokane Valley, WA 99216
509-443-3014
509-443-3015 fax

24-01739-FPC13    Doc 47    Filed 01/13/25    Entered 01/13/25 16:55:26    Pg 4 of 4