The Honorable Frederick P. Corbit
Chapter 13
Hearing Date: January 21, 2025
Hearing Time: 11:00 a.m.
Response Date: January 14, 2025
Hearing Location: Zoomgov.com

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| In Re: | NO. 24-01739-FPC13 |
|---|---|
| JONATHAN DAVID CLAUSEN, and JODI LYNN CLAUSEN | REPLY IN SUPPORT OF WBL SPO I, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY |
| Debtors. | |

**COMES NOW** WBL SPO I, LLC ("**WBL**"), a secured creditor herein, by and through its attorneys, Eisenhower Carlson PLLC and Darren R. Krattli, to submit this reply in support of its Motion for Relief from Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) ("**Motion**"), following the objection of the Debtors ("**Objection**").[1]

## DISCUSSION

Debtors' Objection relies upon the claimed equity cushion in the real property based on the Debtors' assertion of value of $1,300,000 (against relevant liens of $974,070.87)[2] to justify the absence of adequate protection payments. The Debtors plan is to make no payments to WBL, on the hope that their state court appeal is successful in reviving their claims against WBL. As Debtors failed to comply with the conditions of the state court stay order, they should not be allowed to avoid those requirements by instead relying on §362 and a claimed equity cushion.

---

[1] Dkt. no. 47.
[2] Claim 22-1 (Fidelity Bank N.A. for $437,835.07); Claim 30-1 (WBL for $536,235.80).

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY - 1


EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

22201-1/DRK/1167878

As a preliminary matter, it is important to remember that the Debtors have already litigated their claims in state court and lost.[3] Their claims were dismissed in their entirety. The Debtors moved in state court to stay the foreclosure by WBL under RAP 8.1(b)(2), which states:

> (b) Right to Stay Enforcement of Trial Court Decision. A trial court decision may be enforced pending appeal or review unless stayed pursuant to the provisions of this rule. Any party to a review proceeding has the right to stay enforcement of a money judgment, or a decision affecting real, personal or intellectual property, pending review. Stay of a decision in other civil cases is a matter of discretion.
>
> …
>
> (2) Decision Affecting Property. Except where prohibited by statute, a party may obtain a stay of enforcement of a decision affecting rights to possession, ownership or use of real property, or of tangible personal property, or of intangible personal property, <u>by filing in the trial court a supersedeas bond or cash, or by alternate security approved by the trial court pursuant to subsection (b)(4).</u> If the decision affects the rights to possession, ownership or use of a trademark, trade secret, patent, or other intellectual property, a party may obtain a stay in the trial court only if it is reasonably possible to quantify the loss that would be incurred by the prevailing party in the trial court as a result of the party's inability to enforce the decision during review.[4]

The trial court granted the stay motion but held that the appropriate supersedeas bond was $241,778.00. The Debtors failed to post the bond, so the trial court's stay never went into effect.

Instead, the Debtors filed this Chapter 13 to take advantage of §362 to stay the foreclosure pending their appeal. However, they should not be permitted to use §362 to avoid the security provisions of RAP 8.1(b), which is similar to Fed. R. Bankr. P. Rule 8007. Had the same ruling occurred in this case and the Debtors appealed, Fed. R. Bankr. P. Rule 8007 would similarly allow the bankruptcy court or any of the federal appellate courts to require the payment of a bond or other security as a condition of the stay. As the Debtors' claims have already failed, they had an opportunity to stay their case in state court, and they failed to comply with their state court stay remedies, relief should be granted in the absence of similar security provided herein. The Debtors make no argument to explain the likelihood of success

---

[3] Declaration of John Murphy ("Murphy Decl."), Ex. C.
[4] Emphasis added.

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY - 2


EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

22201-1/DRK/1167878

on appeal. They merely seek delay without providing adequate protection payments to WBL, which should not be permitted.

The failure to make adequate protection payments will erode the claimed equity cushion during the course of the appeal. WBL's claim is accruing interest at the per diem rate of $296.15 based on the default interest rate of 33.79%. The Debtors propose making no payments whatsoever to WBL for the duration of the appeal, which is still in its initial stages.[5] Given that oral argument has not been scheduled at the Court of Appeals, it is reasonable that the current stage of the appeal could take an additional 6-8 months (a decision between July and September). At the current rate of interest, that would add interest of approximately $78,000-$96,000. That also does not include accruing attorney's fees and costs (both as part of the appeal and this bankruptcy), which could increase the balance due by an additional $20,000 or more. Should the Court of Appeals deny the appeal, Debtors' will likely petition for review by the Supreme Court of Washington, which could result in an additional 4-6 months of delay (even if the petition is denied). If this process takes until January 2026, the interest and fees would likely exceed $150,000. Given the amount of time at issue, the Debtors should be required to make adequate protection payments to preserve the equity position in the Property. In the absence of such payments, relief is appropriate.

WBL also disputes the stated value of the Property. Should the Court deny the Motion, WBL requests that the denial be without prejudice and permit WBL to move for relief, if warranted, following an independent appraisal of the Property.

For these reasons, WBL respectfully requests the court grant their motion for relief from the automatic stay to allow the continued foreclosure of its Deed of Trust. The Debtors have no means to cure the secured balance owed to WBL within the term of their plan, and their claims have already been dismissed.

---

[5] Respondent's Brief was due January 10, 2025.

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY - 3



22201-1/DRK/1167878

1   DATED this 15th day of January, 2025.

2                                           EISENHOWER CARLSON PLLC

3

4                                           By: */s/ Darren R. Krattli*
                                                Darren R. Krattli, WSBA # 39128
5                                               Attorneys for WBL SPO I, LLC

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
AUTOMATIC STAY - 4

22201-1/DRK/1167878

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

In Re:

JONATHAN DAVID CLAUSEN, and
JODI LYNN CLAUSEN

Debtors.

NO. 24-01739-FPC13

PROOF OF SERVICE

I, Darren R. Krattli, certify as follows:

I am a resident of the State of Washington. I am over the age of 18 years and not a party to the above case. I am a member of the law firm of Eisenhower Carlson PLLC, whose address is 909 A Street, Suite 600, Tacoma, Washington, 98402.

On January 15, 2025, I caused the above document to be served via ECF notification on all parties requesting ECF notification as of January 15, 2025.

I declare under the penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated at Tacoma, Washington this 15th day of January, 2025.

*/s/ Darren R. Krattli*
Darren R. Krattli

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY - 5



22201-1/DRK/1167878

24-01739-FPC13    Doc 50    Filed 01/15/25    Entered 01/15/25 16:30:21    Pg 5 of 5