UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

Clausen, Jonathan David
Clausen, Jodi Lynn

    Debtors

Chapter 13

Case No. 24-01739-FPC13

ORDER FOR ISSUANCE OF SUBPOENA PURSUANT TO RULES 2004 AND 9016

This matter comes before the Court upon the ex parte motion for Fed. R. Bankr. P. 2004 Examination (the "Motion"), filed by Swift Financial LLC ("Swift"). The Court, having reviewed the Motion and the files and records herein, finds that in the circumstances ex parte entry of this order is appropriate and otherwise finds good cause for granting the relief sought in the Motion.

NOW, THEREFORE, it is hereby ORDERED:

1. The Motion is GRANTED.

2. Debtors Jonathan David Clausen and Jodi Lynn Clausen are directed to produce the documents and records pertaining to AR-TT LLC as listed in the attached **Exhibit A** within 45 days after being served with this Order.

3. Service of this Order on Debtors' counsel by ECF shall constitute service on Debtors.

ORDER FOR ISSUANCE OF SUBPOENA PURSUANT
TO RULES 2004 AND 9016 - 1

4860-5484-6206.2

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVENUE S., SUITE 900
SEATTLE, WASHINGTON 98104

24-01739-FPC13    Doc 59    Filed 02/06/25    Entered 02/06/25 20:45:02    Pg 1 of 8

4. Swift's counsel is authorized to compel AR-TT LLC to produce documents pursuant to a subpoena issued in accordance with Fed. R. Civ. P. 45, made applicable by Fed. R. Bankr. P. 9016, setting forth the time and place for production, with not less than 14 days' notice for compliance.

5. Service of any such subpoena on Debtors' counsel shall be sufficient for service on AR-TT LLC's registered agent, debtor Jodi Clausen.

6. This Order does not limit further requests by Swift or other parties in interest for examinations of and production of documents by the Debtor or any other entity.

///END OF ORDER///

Order presented by:

**MILLER NASH LLP**

*/s/ Jesús Miguel Palomares.*
Jesús Miguel Palomares, WSBA No. 51858
MILLER NASH LLP
605 5th Ave S, Ste 900
Seattle, WA 98104
Telephone: 206.624.8300
Facsimile: 206.340.9599

Attorneys for Creditor
Swift Financial LLC

ORDER FOR ISSUANCE OF SUBPOENA PURSUANT TO RULES 2004 AND 9016 - 2

4860-5484-6206.2

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVENUE S., SUITE 900
SEATTLE, WASHINGTON 98104

24-01739-FPC13   Doc 59   Filed 02/06/25   Entered 02/06/25 20:45:02   Pg 2 of 8

# EXHIBIT A

# ATTACHMENT
# TO
# SUBPOENA DUCES TECUM
# (AR-TT LLC)

## INSTRUCTIONS

1. If you do not produce any documents in response to any request for production, or if you qualify your response to any request for production, because relevant documents have been lost, destroyed, or are in the possession of another person, provide a written list of documents which you are unable to produce, identifying the following information about each document: (1) date of preparation; (2) author's name, title and address; (3) general nature and content of the document; (4) person presently in possession of said document, if applicable; (5) date and manner of loss or destruction, if applicable; (6) reasons for or circumstances surrounding the document's loss or destruction, or delivery to the person who currently has possession; and (7) person who lost or destroyed the document.

2. File folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents.

3. Documents attached to each other should not be separated.

4. Documents shall be produced as they are kept in the usual course of business.

5. Unless mutually agreed otherwise, electronically stored information (ESI) must be produced in native format (the file format in which they are ordinarily maintained in the usual course of business) or in a format as close to native as practicable (e.g., .PST or .NSF format for e-mail messages, .DOC or .DOCX for Word documents, .XLS or .XLSX for Excel spreadsheets, .PPT or .PPTX for PowerPoint presentations, .MDB and .ACCDB for Microsoft Access databases, .WPD for WordPerfect documents, .PDF for Adobe Acrobat documents, .JPG, .JPEG, and .PNG for images). Whenever possible, ESI must be produced within the folders and subfolders in which it is kept in the usual course of business.

6. Where a claim of privilege is asserted in objecting to the production of any document that would otherwise be responsive to any request, provide a privilege log specifying:

  a. the type of each document withheld, (*e.g.*, letter, memo, note, or e-mail);

  b. the precise nature of any privilege(s) claimed;

  c. the paragraph(s) of each discovery request to which the document is responsive;

  d. the author(s) of each document withheld;

  e. the recipient(s) of each document withheld;

  f. the date of each document withheld;

  g. the general subject matter of each document withheld; and

  h. if applicable, the Bates or other identifying number of each document.

7. Each of the requests contained herein is continuing in nature. If, after responding to these requests, you obtain or become aware of additional responsive documents, such documents shall be produced promptly in accordance with the Federal Rules of Civil Procedure.

## Definitions

For purposes of this document production, terms otherwise undefined above shall have the following meaning:

A. "**Communications**" means any transmission of information between or among two or more persons or entities, including but not limited to (a) any written letter, note, memorandum, correspondence, e-mail, electronic memorandum, instant message, text message, telefax, coded message, chat, website posting (including postings from social media sites, whether private or not private), or other document; (b) any telephone call between two or more persons, whether or not such call was by chance or prearranged, formal or informal, or by voice-mail; and (c) any conversation or meeting between two or more persons, whether or not such a contact was by chance or prearranged, formal, or informal. Unless otherwise agreed, all

documents must be produced in their native form.

B. "**Document**" or "**documents**" has the broadest meaning permitted under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure and includes without limitation all originals, drafts, and nonidentical copies of written, recorded, or graphic matter and information stored on any electronic medium that is capable of being retrieved or reproduced, including without limitation information maintained in computer systems, tapes, disks, or files, on microfilm or microfiche, or in any other information storage system, such as e-mail. Any comment, notation, or marking appearing on any document, and not a part of the original, is to be considered a separate document, and any draft, preliminary form, or superseded version of any document is also to be considered a separate document. Unless otherwise agreed, all documents must be produced in their native form.

C. The terms "**or**" and "**and**" shall each be construed disjunctively or conjunctively so as to require the broadest possible production in response to any given request.

D. The words "**pertain**" or "**relate to**" (or "**pertaining to**" or "**relating to**") are used in the broadest sense and mean to refer to, discuss, involve, reflect, arise from, arise out of, arise under, deal with, consist of, represent, associate with, constitute, emanate from, direct at, support, evidence, describe, or mention.

E. The terms "**you**," "**yours**," and "**AR-TT**" means AR-TT LLC.

F. Any reference to "**AR-TT LLC**" or "**AR-TT**" includes the following entities or trade names: AR Takedown Tool; Get Sprung; The AR Takedown Tool; The Takedown Tools; Clausen LLC; Clausen, Inc.; AAG LLC; AAB; AAG; All About Bullets; Allaboutbullets.com; Ammo Inc.; Ammozons; Hittoolstore.com; The HIT Tool; and HITtools.

G. The singular form of any word used herein includes the plural and vice versa.

H. A "**distribution**" means a direct or indirect transfer of money or other property, or incurrence of indebtedness by an entity corporation to or for the benefit of its members or

shareholders in respect to any of its units of ownership. A distribution may be in the form of a declaration or payment of a dividend; a distribution in partial or complete liquidation, or upon voluntary or involuntary dissolution; a purchase, redemption, or other acquisition of ownership units; a distribution of indebtedness; or otherwise.

      I.      A "**loan**" means a sum of money delivered at interest or for a fee or other charge and includes both open-end and closed-end loan transactions.

      J.      A **"financial statement"** means a record that summarizes an individual's or organization's financial condition on a specified date or for a specified period, including, but not limited to, a balance sheet, cash flow statement, profit-and -loss statement, and income statement.

      K.      A "**ledger**" means a book or series of books used for recording financial transactions in the form of debits and credits.

      L.      A "**transfer**" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes an assignment, conveyance, sale, gift, a transfer by operation of law, payment of money, release, lease, license, and creation of a lien or other encumbrance.

## INFORMATION & DOCUMENT REQUESTS

      1.      Identify all financial institutions where AR-TT held an account, certificate of deposit, or safety deposit box from January 1, 2022–to present, including any bank, credit union, financial technology company (i.e., Bluevine), cryptocurrency exchange, and payment processors. This request includes all accounts held in your name or in the name of any person or entity who held or had control of any money or property on behalf of you, whether in the United States or abroad.

      2.      Produce all monthly and year-end account statements from January 1, 2022–to present for all accounts identified in Request No. 1.

3. Produce all income tax returns filed by or on behalf of AR-TT for the years 2022 through the present. If AR-TT did not file any tax returns on its own behalf, produce the Schedule K-1s for all members of AR-TT during the requested periods; and if a Schedule K-1 was issued to either debtor Jonathan David Clausen or Jodi Lynn Clausen, produce that debtor's complete tax returns for the requested periods.

4. Produce all Form 1099-K documents that you received or prepared for the years 2022–present.

5. Produce AR-TT's operating agreement, articles of formation, and bylaws.

6. Produce AR-TT's corporate governance records (i.e., meeting minutes, LLC resolution or consent, etc.) reflecting the authorization for AR-TT to make a distribution, transfer, or loan exceeding $1,000 to any member from January 1, 2022, to present.

7. Produce all communications between you and any person related to any capital contributions from any member to AR-TT from January 1, 2022, to present.

8. Produce all communications between you and any person related to any distribution, transfer, or loan from AR-TT to any member from January 1, 2022, to present.

9. Produce your monthly, quarterly, and annual financial statements from 2022–present, including, but not limited to, balance sheets, cash flow statements, profit-and-loss statements, and income statements.

10. Produce all audit logs for any accounting software (i.e., QuickBooks) that you used related to any AR-TT financial statement for the period from January 2022–present.

11. Produce all ledgers related to AR-TT's financial statements from January 2022–present, including any ledger existing in a tangible form or created using accounting software.