The Honorable Frederick P. Corbit
Chapter 13
Hearing Date: March 18, 2025
Hearing Time: 10:00 a.m.
Response Date: March 11, 2025
Hearing Location: Zoomgov.com

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>JONATHAN DAVID CLAUSEN, and<br>JODI LYNN CLAUSEN<br><br>Debtors. | NO. 24-01739-FPC13<br><br>SUPPLEMENTAL BRIEF IN SUPPORT OF WBL SPO I, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND OBJECTION TO CONFIRMATION |

**COMES NOW** WBL SPO I, LLC ("**WBL**"), a secured creditor herein, by and through its attorneys, Eisenhower Carlson PLLC and Darren R. Krattli, and submits this supplemental brief in support of WBL's Motion for Relief from Automatic Stay pursuant to 11 U.S.C. §362(d)(1) ("**Motion**")[1] and its Objection to Confirmation ("**Objection**").[2]

**STATEMENT OF FACTS**

**A. Case Posture**

WBL's Objection to the Debtor's Chapter 13 Plan ("**Plan**")[3] requests denial of confirmation as (i) the Plan does not provide for payment of WBL's secured Claim[4] in violation of 11 U.S.C. § 1325(a)(5)(B)(ii) (even though the Claim was already upheld as a

---

[1] Dkt. no. 43.

[2] Dkt. no. 41.

[3] Dkt. no. 19.

[4] Claim no. 30-1.

SUPPLEMENTAL BRIEF IN SUPPORT OF WBL SPO I, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND OBJECTION TO CONFIRMATION - 1

22527-1/DRK/1208507.000

valid security interest in state court),[5] and (ii) the Plan is not feasible under 11 U.S.C. §1325(a)(6), as the Plan requires Debtors to successfully win appeals against WBL[6] and Diamond Asphalt Paving, Inc., as well as avoiding the judgments of Swift Financial, LLC and The Sherwin Williams Company.

Concurrent with filing the Objection, WBL moved for relief from the automatic stay to conclude the pending foreclosure of its Deed of Trust on the Debtors' real property located at 12918 N Norman Road, Spokane, WA 99217 ("**Property**"). Following the objection of the Debtors to the motion for relief, WBL agreed to continue the Motion to allow for the appraisal of the Property.

Both confirmation and the relief motion were continued to March 18, 2025. The Court also noted its own *sua sponte* motion to dismiss for the same date. The Court expressed concern that the Debtors lack the ability to provide for sufficient payments to unsecured based on the apparent liquidation value of the estate under 11 U.S.C. §1325(a)(4).

**B. Property Valuation**

WBL obtained an independent appraisal of the Property,[7] which concluded that the Property is worth $1,105,000.00 as of February 11, 2025 (well less than the Debtors' assertion of $1,300,000.00[8]). The senior lien on the Property is owed to Fidelity Bank N.A., who filed a claim herein for $437,835.07.[9] The claim of WBL was $536,235.80 as of October 24, 2025, but no payments have been received to date (as intended by the Debtors' Plan). With interest as stated in the proof of claim, the balance due through the March 18, 2025 hearing date is at

---

[5] Dkt. no. 42, para. 15-17 and Ex. C (Dismissal Order).

[6] *See* Washington Court of Appeals (Div. III) Case No. 405915 (all briefs have been filed as of February 10, 2025).

[7] Declaration of Randolph Berg, Ex. A (Appraisal Report).

[8] Dkt. no. 18, p. 3.

[9] Claim no. 22-1.

SUPPLEMENTAL BRIEF IN SUPPORT OF WBL SPO I, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND OBJECTION TO CONFIRMATION - 2

22527-1/DRK/1208507.000

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

24-01739-FPC13    Doc 63    Filed 03/11/25    Entered 03/11/25 12:15:16    Pg 2 of 4

least $579,177.14 (with attorney's fees and costs it is likely closer to $585,000.00). As such, the secured liens are $1,017,012.21, against the real property valuation of $1,105,000.00. That is an equity cushion of only 7.9%.[10]

### C. Debtors' Compliance with the Plan

The Debtors have taken no actions contemplated by the Plan with respect to the disputed claims, beyond the previously filed appeals. No adversary actions have been filed against Swift Financial, LLC or The Sherwin Williams Company.

Alternatively, the Debtors have not filed any amended Plan to address the current objections to confirmation by the Trustee[11] and WBL.

## DISCUSSION

WBL still objects to the Debtors' Plan for the reasons stated in the original Objection, to include the lack of payments on WBL's secured claim and the lack of feasibility to make the payments necessary (either on the secured claims or under the liquidation analysis). Those concerns are magnified by the actual valuation of the Debtors' Property, which appears to show an equity cushion of only 7.9% based on the gross value of $1,105,000.00 (down from the assumed value of $1,300,000.00 presented by the Debtors) against debts of $1,017,012.21. While the existence of an equity cushion can provide adequate protection,[12] equity cushions below 10% generally do not provide adequate protection without additional payments from the debtors.[13]

---

[10] Calculated based on the equity cushion divided by the total value of the property. *In re Hollister*, 21-55380, 2021 WL 6124757, at *2 (9th Cir. Dec. 28, 2021).

[11] Dkt. nos. 30 and 38.

[12] *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984).

[13] *In re Gibson*, 355 B.R. 807, 811 (Bankr. E.D. Cal. 2006) (equity cushion of 10% insufficient to provide adequate protection without additional payments from the debtors). *Contra In re McGowan*, 6 B.R. 241, 243 (Bankr. E.D. Pa. 1980) (10% equity cushion sufficient where debtor also pays all accruing interest on the claim).

SUPPLEMENTAL BRIEF IN SUPPORT OF WBL SPO I, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND OBJECTION TO CONFIRMATION - 3

22527-1/DRK/1208507.000

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

24-01739-FPC13    Doc 63    Filed 03/11/25    Entered 03/11/25 12:15:16    Pg 3 of 4

1         Here, Debtors propose <u>no</u> payments to WBL or Diamond Asphalt Paving, Inc. They have already had their claims dismissed in state court and need <u>two</u> successful appeals to revive them. The equity cushion is not sufficient to allow the Debtors this luxury, and relief is appropriate unless the Debtors can propose feasible adequate protection payments to WBL. Based on the lack of adequate protection, relief from stay is appropriate.

        Similarly, the Debtors have not demonstrated that the Plan is feasible. If *either* of their appeals fail, they do not appear to have income sufficient to make the payments necessary on the secured claims of either WBL or Diamond Asphalt Paving, Inc. (or even to unsecured creditors based on the liquidation analysis). Confirmation should similarly be denied and WBL supports the Court's motion to dismiss.

        Dated this 11th day of March, 2025.

                                    EISENHOWER CARLSON PLLC

                                    By   */s/ Darren R. Krattli*
                                          DARREN R. KRATTLI,
                                          WSBA No, 39128
                                          Attorneys for WBL SPO I, LLC

SUPPLEMENTAL BRIEF IN SUPPORT OF WBL SPO I, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND OBJECTION TO CONFIRMATION - 4

22527-1/DRK/1208507.000



EISENHOWER CARLSON PLLC
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

24-01739-FPC13    Doc 63    Filed 03/11/25    Entered 03/11/25 12:15:16    Pg 4 of 4