The Honorable Frederick P. Corbit
Chapter 13

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

Clausen, Jonathan David
Clausen, Jodi Lynn

Debtors

Chapter 13

Case No. 24-01739-FPC13

SWIFT FINANCIAL, LLC'S RESPONSE TO MOTION TO AVOID NON-CONSENSUAL JUDGMENT LIEN

Debtors Jonathan David Clausen and Jodi Lynn Clausen (together, "Debtors") have moved to avoid creditor Swift Financial, LLC's entire judgment lien (ECF No. 67), but such request is premature at best. Debtors may only avoid Swift's judgment lien under 11 U.S.C. § 522(f) to the extent it impairs their homestead exemption. Debtors argue that Swift's judgment lien is wholly undersecured by conveniently including two senior claims (WBL and Diamond, defined below) that Debtors value at $0 in their current plan. *See* Debtors' Chapter 13 Plan, ¶¶ 3.6, 8.2, 8.3 (ECF No. 19; the "Plan"). The fate of Debtors' motion is inversely dependent on whether they successfully appeal and disallow the WBL and Diamond claims. If Debtors prevail on one or both appeals, then Swift's judgment lien would no longer be undersecured. Conversely, if both

Swift Financial LLC's Response to Motion to Avoid Non-Consensual
Judgment Lien – 1

4909-4685-6750.1

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVENUE S., SUITE 900
SEATTLE, WASHINGTON 98104

24-01739-FPC13   Doc 78   Filed 03/26/25   Entered 03/26/25 23:43:05   Pg 1 of 7

appeals fail, Swift's lien would indeed be undersecured, but Debtors would remain unable to confirm a feasible plan, which renders Debtors' motion moot.

## Procedural History

### A. Swift's judgment lien

Swift holds a judgment lien entered on January 19, 2024, in Spokane County Superior Court under Case No. 23-2-03864-32 for the total amount of $110,019.92 (the "Judgment"). *Motion*, ¶ I.1. On February 6, 2024, Swift recorded the Judgment in the Spokane County Auditor Records as File Number 7332025. *Id*. On December 27, 2024, Swift filed a proof of claim ("Swift POC") in this case in the amount of $123,295.61. Claim 29-1. The Swift POC included a recorded copy of the Judgment. *Id*.

### B. Other relevant creditors' liens

Debtors' motion describes three competing creditors with secured claims and filed proofs of claim enjoying priority over Swift's POC.[1] Creditor Fidelity Bank, N.A. ("Fidelity"), is in first position with a secured claim of $437,835.07. *Motion*, ¶ I.3; Claim 22-1. Second, Diamond Asphalt Paving, Inc. ("Diamond"), has a secured claim in the amount of $128,503.87. *Motion*, ¶ I.3; Claim 31-1. Third, creditor WBL SPO I, LLC ("WBL"), has a secured claim in the amount of $536,235.80. *Motion*, ¶ I.3; Claim 30-1.

### C. Debtors' Chapter 13 Plan and Value of the Property

Debtors initially valued the Property at $1,300,000. ECF No. 18, Schedule A/B Part 1 ¶1.1; *Motion*, ¶ I.2. WBL's appraiser subsequently valued the Property at $1,105,000 (ECF No. 64) and Debtors' motion adopts this value. *Motion*, ¶ I.2. Debtors claim a homestead exemption of $430,700. *Id*. at ¶ I.4.

---

[1] Swift assumes that all three creditors (Fidelity, Diamond, WBL) hold senior claims as to Swift for the purposes of this Response and reserves all rights regarding objections to each respective claim.

Swift Financial LLC's Response to Motion to Avoid Non-Consensual
Judgment Lien – 2

4909-4685-6750.1

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVENUE S., SUITE 900
SEATTLE, WASHINGTON 98104

In their Plan, Debtors are paying Fidelity's claim and thus do not dispute it. *Plan*, ¶ 3.3.[2] After subtracting the homestead exemption and Fidelity's claim, there remains $236,464.93 in equity for other claims:

|  | Amount | Remaining Equity |
|---|---|---|
| Property Value: | $1,105,000.00 | $1,105,000.00 |
| Homestead exemption: | $430,700.00 | $674,300.00 |
| Fidelity POC: | $437,835.07 | $236,464.93 |

Debtors filed their Plan on November 21, 2024, yet the Court has not confirmed it. Instead, the Trustee and creditors have objections or dismissal motions pending, and the Court has repeatedly continued the confirmation hearing to allow Debtors time to fulfill various promised tasks. The next continued confirmation hearing is scheduled for May 21, 2025, and Debtors must file an amended plan by May 9, 2025. ECF No. 77.

**D. The Plan values the WBL, Diamond, and Swift claims at $0**

Debtors have not objected to WBL's, Diamond's, or Swift's claims (the "Claims"). *See* Claims Register. The Plan does not provide for any payments to the Claims while committing to pay 100 percent of claims. *Plan*, ¶¶ 2.5, 5.2.1. Debtors list Diamond and Swift in Section 3.6 of the Plan ("Lien Disputes") with zero proposed payments. *Id*. at ¶ 3.6. Debtors did not include WBL in any claim category of the Plan; however, the Plan states that Debtors are appealing the judgments underlying the WBL and Diamond claims. *Id*. at ¶ 8.1–2. Debtors do not challenge Swift's POC.

\ \

\ \

\ \

---

[2] At the March 18, 2025, confirmation hearing, Debtors reported that they are paying Fidelity directly and outside of the Plan. ECF No. 78 (audio of March 18 hearing).

Swift Financial LLC's Response to Motion to Avoid Non-Consensual Judgment Lien – 3

4909-4685-6750.1

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVENUE S., SUITE 900
SEATTLE, WASHINGTON 98104

## Authority & Argument

### A. Legal standard for avoiding judicial liens under 11 U.S.C. § 522(f)

Section 522(f)(1) of the Bankruptcy Code allows a debtor to avoid a judicial lien to the extent it impairs an exemption to which the debtor would otherwise be entitled. 11 U.S.C. § 522(f); *In re Shippy*, 646 B.R. 516, 518 (Bankr. W.D. Wash. 2022). A judgment lien is avoidable under 11 U.S.C. § 522(f)(1) only to the extent necessary to prevent any impairment of the homestead exemption. *In re Hanger*, 217 B.R. 592, 594 (B.A.P. 9th Cir. 1997), *aff'd*, 196 F.3d 1292 (9th Cir. 1999) ("Section 522(f)(1) was not intended to free the debtor's property of judicial liens altogether; rather it was intended to preserve the debtor's exemption.").

To avoid a lien under Section 522(f), Debtors must establish three things: (1) a lien attached to an interest in debtor's property; (2) the lien impairs an exemption to which the debtor is entitled; and (3) the lien is a judicial lien. *In re Shippy*, 646 B.R. at 519 (citing *In re Chiu*, 304 F.3d 905, 908 (9th Cir. 2002)). "A lien impairs an exemption to the extent that the sum of all liens on the property, together with the value that the debtor could claim as exempt in the absence of the liens, exceeds the value of the debtor's interest in the property if it were totally unencumbered." *Id.*; 11 U.S.C. § 522(f)(2)(A). Junior liens are omitted from Section 522(f) lien calculations. 11 U.S.C. § 522(f)(2)(B).

In *Hanger*, the debtors' residence was worth $270,000; their homestead exemption was $75,000; the sum of senior nonavoidable liens was $161,817; and the targeted judgment lien was for $92,565. *Hanger,* 217 B.R. at 593. The creditor's judgment lien was partially secured in the amount of $33,183 and undersecured in the amount of $59,382. *Id.* at 595.

After the bankruptcy court initially avoided the judgement lien entirely, the BAP reversed and held that the judgment lien should only be avoided to the extent

Swift Financial LLC's Response to Motion to Avoid Non-Consensual
Judgment Lien – 4

4909-4685-6750.1

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVENUE S., SUITE 900
SEATTLE, WASHINGTON 98104

24-01739-FPC13    Doc 78    Filed 03/26/25    Entered 03/26/25 23:43:05    Pg 4 of 7

necessary to leave the exemption unimpaired as of the petition date. *Id*. The judgment lien was therefore only partially avoided ($59,382) and could not be avoided for up to $33,183. *Id*. at 595.

Here, the parties do not dispute that (1) Swift's claim is a judicial lien worth $123,295.61; (2) the Property is worth $1,105,000; (3) Debtors' exemption is worth $430,700; and (4) Fidelity's claim is $437,835.07. After the exemption and Fidelity's claim, there is $236,464.93 of equity for the remaining creditors.

The unknown facts are whether (A) WBL's claim is $0 (as stated in Debtors' Plan) or $536,235.80 (according to Debtors' motion); and (B) Diamond's claim is $0 (according to the Plan) or $128,503.87 (per Debtors' motion).

**B.   Hypothetical equity calculations based on Debtors' appeals**

If Debtors' appeal against WBL is successful, $107,961.06 of Swift's claim would be secured / not avoidable, and $15,334.55 would be avoided:

|  | Amount | Remaining Equity |
|---|---|---|
| Property Value: | $1,105,000.00 | $1,105,000.00 |
| Homestead exemption: | $430,700.00 | $674,300.00 |
| Fidelity POC: | $437,835.07 | $236,464.93 |
| Diamond POC: | $128,503.87 | $107,961.06 |
| Swift Financial | $123,295.61 | ($15,334.55) |
| **Swift claim secured** |  | **$107,961.06** |
| **Swift claim undersecured / avoided** |  | **$15,334.55** |

If Debtors' appeal against WBL and Diamond is successful, Swift's entire claim would be secured / not avoidable:

|  | Amount | Remaining Equity |
|---|---|---|
| Property Value: | $1,105,000.00 | $1,105,000.00 |
| Homestead exemption: | $430,700.00 | $674,300.00 |
| Fidelity POC: | $437,835.07 | $236,464.93 |
| Swift Financial | $123,295.61 | $113,169.32 |

If Debtors win their appeal against Diamond but not WBL, then Swift's entire claim would be avoidable:

Swift Financial LLC's Response to Motion to Avoid Non-Consensual
Judgment Lien – 5

4909-4685-6750.1

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVENUE S., SUITE 900
SEATTLE, WASHINGTON 98104

24-01739-FPC13   Doc 78   Filed 03/26/25   Entered 03/26/25 23:43:05   Pg 5 of 7

|  | Amount | Remaining Equity |
|---|---|---|
| Property Value: | $1,105,000.00 | $1,105,000.00 |
| Homestead exemption: | $430,700.00 | $674,300.00 |
| Fidelity POC: | $437,835.07 | $236,464.93 |
| WBL POC: | $536,235.80 | ($299,770.87) |
| Swift Financial | $123,295.61 | ($423,066.48) |

## Conclusion

It is too early to know whether Swift's claim may be avoided until Debtors resolve their appeals against WBL and Diamond. The Court should continue this matter until at least Debtors confirm a feasible plan.

DATED this 26th day of March, 2025.

MILLER NASH LLP

*/s/Jesús Miguel Palomares*
Jesús Miguel Palomares, WSB No. 51858
605 5th Ave. S., Suite 900
Seattle, WA 98104
Email: jesus.palomares@millernash.com

Attorneys for Creditor
Swift Financial LLC

Swift Financial LLC's Response to Motion to Avoid Non-Consensual Judgment Lien – 6

4909-4685-6750.1

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVENUE S., SUITE 900
SEATTLE, WASHINGTON 98104

24-01739-FPC13    Doc 78    Filed 03/26/25    Entered 03/26/25 23:43:05    Pg 6 of 7

# **DECLARATION OF SERVICE**

I hereby certify that on March 26, 2025, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record for the parties.

EXECUTED this 26th day of March, 2025, at Seattle, Washington.

*/s/ Jesús Miguel Palomares.*
Jesús Miguel Palomares, WSBA No. 51858

Swift Financial LLC's Response to Motion to Avoid Non-Consensual Judgment Lien – 7

4909-4685-6750.1

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVENUE S., SUITE 900
SEATTLE, WASHINGTON 98104